Crystal Foley (SBN 224627)
SIMMONS HANLY CONROY LLC
100 N. Sepulveda Boulevard, Suite 1350
Los Angeles, California 90245
Tel: 310.322.3555 | Fax: 310.322.3655
cfoley@simmonsfirm.com

Paul J. Hanly, Jr. (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, New York 10016
Tel:  315.220.0134 | Fax: 212.213.5949
phanly@simmonsfirm.com
mbreit@simmonsfirm.com

Attorneys for Plaintiffs
SHERIDA JOHNSON, HARRY GUNSENHOUSER,
and SUBRINA SEENARAIN

SHOOK, HARDY & BACON L.L.P.
William R. Sampson, (admitted *pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: 816.474.6550 | Fax:  816.421.5547
wsampson@shb.com

Amir Nassihi (SBN 235936)
Andrew L. Chang (SBN 222309)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Tel:    415.544.1900 | Fax:    415.391.0281
anassihi@shb.com
achang@shb.com

Attorneys for Defendant
NISSAN NORTH AMERICA, INC. and
NISSAN MOTOR CO., LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERIDA JOHNSON, HARRY GUNSENHOUSER, and SUBRINA SEENARAIN on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO. LTD.,<br><br>  Defendants. | Case No. 3:17-cv-00517-WHO<br><br>**STIPULATION AND ORDER FOR DISMISSAL OF DEFENDANT NISSAN MOTOR CO. LTD. WITHOUT PREJUDICE** |

WHEREAS, the initial action in this matter was filed against Nissan Motor Co., Ltd. ("NML") and Nissan North America, Inc., ("NNA") on February 1, 2017 (Dkt. 1);

WHEREAS, Plaintiff filed her First Amended Complaint on March 20, 2017 (Dkt. 32) adding New Jersey plaintiff, Harry Gunsenhouser, and New York plaintiff, Subrina Seenarian;

WHEREAS, pursuant to this Court's order granting the parties' stipulation to extend the time for NNA to respond to Plaintiffs' First Amended Complaint and Continue Case Management (Dkt. 34), NNA's deadline to respond is currently May 2, 2017. Plaintiffs' opposition is due June 6, 2017. NNA's reply brief is due on June 23, 2017;

WHEREAS, pursuant to this Court's Order (Dkt. 34), the initial Case Management Conference is scheduled for July 12, 2017, the same date NNA's Motion to Dismiss will be heard;

WHEREAS, NML has not yet been served with process and has not appeared in this case; and

WHEREAS, the Plaintiffs agree to dismiss NML without prejudice in exchange for certain agreements regarding discovery and tolling of limitations as described herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for Plaintiffs and Defendants, as follows:

1. NML is hereby dismissed without prejudice as a defendant in the above-captioned matter.
2. NML and Plaintiffs agree that the statute of limitations on claims, if any, against NML related to the subject matter of this litigation are tolled from the date of this Stipulation until nine months from the entry of this Stipulation by the Court;
3. If discovery takes place in this case, plaintiffs may seek "merits" discovery concerning the subject matter of this case on NML, as a non-party, by serving counsel for NML identified below.
4. NML volunteers within the meaning of the U.S. – Japan Bilateral Consular Convention of the 1963 (the "Treaty") to respond to reasonable written discovery concerning the subject matter of this lawsuit. Notwithstanding this, NML reserves all rights, defenses and objections to such discovery including its rights under the Treaty.

//

5. If requested, NML will have an extension up to 60 days from the date of the discovery request(s) to respond (objections, answers, and responses) to the subpoenas and associated document requests.

6. NML will commence production of documents no later than the date on which responses to the subpoenas and/or associated discovery requests are due and exercise good faith to complete production promptly thereafter.

7. This Stipulation shall not be deemed a waiver by NML of personal jurisdiction in this or any other case. This Stipulation shall not be deemed a general appearance or a waiver of NML's right to challenge the Court's personal jurisdiction over it if Plaintiffs later decide to add NML as a party in the case.

8. Should Plaintiffs later seek to add NML as a party by amended complaint, NML agrees to accept service under Rule 4 of the Federal Rules of Civil Procedure in exchange for the above 60-day extension provisions applying to any discovery requests. The amended complaint and Rule 4 waiver request may be served on counsel for NML identified below.

9. If NML is added as a party to the case, NML shall have the right to assert that it is not subject to personal jurisdiction and this Stipulation shall not be used to claim that NML is subject to personal jurisdiction.

IT IS SO STIPULATED.

Dated: May 30, 2017

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: ___/s/ Amir Nassihi___
    AMIR NASSIHI
    ANDREW L. CHANG

Attorneys for Defendant
Nissan North America, Inc. and
Nissan Motor Co., Ltd.

Dated: May 30, 2017                     SIMMONS HANLY CONROY LLC

                                        By:  /s/ Mitchell M. Breit
                                             PAUL J. HANLY, JR.
                                             MITCHELL M. BREIT
                                             CRYSTAL FOLEY

                                             Attorneys for Plaintiffs
                                             Sherida Johnson, Harry Gunsenhouser, and
                                             Subrina Seenarain

Pursuant to L.R. 5-1(i), I attest that concurrence in the filing of this document has been obtained from the other signatories.

                                        By:  /s/ Amir M. Nassihi
                                             Amir M. Nassihi

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: May 31, 2017

_____
HON. WILLIAM H. ORRICK
U.S. DISTRICT COURT JUDGE