Amir M. Nassihi (SBN 235936)
M. Kevin Underhill (SBN 208211)
Andrew L. Chang (SBN 222309)
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: 415.544.1900 | Fax: 415.391.0281
anassihi@shb.com | achang@shb.com | kunderhill@shb.com

Holly Pauling Smith (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel: 816.474.6550 | Fax: 816.421.5547
hpsmith@shb.com

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERIDA JOHNSON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 3:17-cv-00517-WHO<br><br>**NISSAN'S NOTICE OF MOTION AND MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT IN PART, AND MEMORANDUM IN SUPPORT**<br><br>Date:        March 23, 2022<br>Time:       2:00 p.m.<br>Place:       Courtroom 2, 17th Floor<br>Judge:      Hon. William H. Orrick |

**TABLE OF CONTENTS**

Page No.

NOTICE OF MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

INTRODUCTION .......................................................................................................................... 2

BACKGROUND ............................................................................................................................ 3

LEGAL STANDARD FOR PLEADING STANDARDS ............................................................... 4

LEGAL STANDARD FOR ADDRESSING STATE LAW CLAIMS .......................................... 5

ARGUMENT .................................................................................................................................. 6

    I.    Johnson's equitable claims fail because she has an adequate remedy at law. .............. 6

    II.    Johnson's CLRA claims must be dismissed due to her failure to file the statutorily-required venue affidavit. ............................................................................ 8

    III.    Johnson's CLRA claim must be dismissed because she fails to allege breach of a duty to disclose that caused her harm. ................................................................ 11

    IV.    Loury's equitable claims and CLRA damages claims also fail. ................................ 12

CONCLUSION ............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. DaimlerChrysler Motors Corp.*,
   No. A105864, 2005 WL 318753 (Cal. Ct. App. Feb. 10, 2005) (unpublished) .............................8

*Anderson v. Apple Inc.*,
   500 F. Supp. 3d 993 (N.D. Cal. 2020) ...............................................................................6, 7, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................4

*Banks v. R.C. Bigelow, Inc.*,
   No. 20-cv-6208 DDP (RAOx), 2021 WL 1734779 (C.D. Cal. May 3, 2021)................................7

*Baranco v. Ford Motor Co.*,
   294 F. Supp. 3d 950 (N.D. Cal. 2018) ......................................................................................12

*Brown v. Madison Reed, Inc.*,
   21-CV-01233-WHO, 2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) .............................................6

*Clark v. Am. Honda Motor Co., Inc.*,
   No. CV 2:20-cv-03147-AB, 2021 WL 4260232 (C.D. Cal. Sep. 14, 2021)................................13

*Clark v. American Honda Motor Co., Inc.*,
   528 F. Supp. 3d 1108 (C.D. Cal. Mar. 25, 2021)..................................................................7, 12

*Davidson v. Apple, Inc.*,
   *No.* 16-CV-4942-LHK, 2017 WL 3149305 (N.D. Cal. July 25, 2017) ..........................................5

*Day & Zimmermann, Inc. v. Challoner*,
   423 U.S. 3 (1975).....................................................................................................................5

*Del Webb Communities Inc. v. Partington*,
   652 F.3d 1145 (9th Cir. 2011) ..................................................................................................5

*Florists' Mut. Ins. Co. v. Floricultura Pacific, Inc.*,
   No. No. 19-cv-05793-WHO, 2020 WL 6440039 (April 3, 2020) ..................................................9

*Gardiner v. Walmart, Inc.*,
   20-CV-04618-JSW, 2021 WL 4992539 (N.D. Cal. July 28, 2021)................................................6

*Gentges v. Trend Micro Inc.*,
   C 11-5574 SBA, 2012 WL 2792442 (N.D. Cal. July 9, 2012)................................................9, 10

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   No. CV 20-00769-CJC-GJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ............................... 7

*Heber v. Toyota Motor Sales U.S.A., Inc.*,
   No. 16-01525 AG, 2018 WL 3104612 (C.D. Cal. June 11, 2018), *aff'd in relevant part*, 823 F. App'x. 512 (9th Cir. Aug. 19, 2020) ........................................................................ 5

*Hindsman v. GM LLC*,
   No. 17-5337 JSC, 2018 WL 2463113 (N.D. Cal. June 1, 2018) (Corley, J.) ............................. 12

*Home Valu, Inc. v. Pep Boys*,
   213 F.3d 960 (7th Cir. 2000) ..................................................................................................... 5

*In re Apple and AT&T iPad Unlimited Data Plan Litig.*,
   802 F. Supp. 2d 1070 (N.D. Cal. 2011) ..................................................................................... 9

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
   483 F. Supp. 3d 838 (C.D. Cal. 2020) ....................................................................................... 5

*In re MacBook Keyboard Litig.*,
   No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .................................. 7

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ..................................................................................... 9

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013) ................................................................................................... 10

*Kamal v. Eden Creamery, LLC*,
   18-CV-1298 TWR, 2020 WL 7226177 (S.D. Cal. Dec. 8, 2020) ............................................ 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................................. 4, 5

*Klaehn v. Cali Bamboo, LLC*,
   No. 19CV1498-LAB (KSC), 2020 WL 3971518 (S.D. Cal. July 13, 2020) .......................... 7, 8

*Madrigal v. Hint, Inc.*,
   No. CV 17-02095-VAP, 2017 WL 6940534 (C.D. Cal. Dec. 14, 2017) ................................. 13

*McCoy v. Alphabet, Inc.*,
   20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) .............................................. 9

*McVicar v. Goodman Glob., Inc.*,
   1 F. Supp. 3d 1044 (C.D. Cal. 2014) ......................................................................................... 8

*Phan v. Sargento Foods, Inc.*,
   No. 20-CV-09251-EMC, 2021 WL 2224260 (N.D. Cal. June 2, 2021) .................................... 6

*Rossetti v. Stearn's Products, Inc.*,
    CV 16-1875-GW(SSX), 2016 WL 3277295 (C.D. Cal. June 6, 2016) .........................................8

*Schultz v. Wal-Mart Stores, Inc.*,
    68 F. App'x 130 (9th Cir. 2003) .................................................................................................10

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................................................... *passim*

*Ticknor v. Choice Hotels Int'l, Inc.*,
    265 F.3d 931 (9th Cir. 2001) .........................................................................................................5

*Werwinski v. Ford Motor Co.*,
    286 F.3d 661 (3d Cir. 2002)..........................................................................................................5

*Wilens v. TD Waterhouse Grp., Inc.*,
    120 Cal. App. 4th 746 (2003) .....................................................................................................11

*Williams & Fickett v. Cty. of Fresno*,
    2 Cal. 5th 1258 (2017) ................................................................................................................12

*Wolf v. Hewlett Packard Co.*,
    5:15-cv-01221-BRO, 2016 WL 8931307 (C.D. Cal. Apr. 18, 2016) ....................................10, 11

**Statutes**

Cal. Civ. Code § 1780(d) ...............................................................................................2, 8, 9, 10

Consumers Legal Remedies Act ............................................................................................ *passim*

Unfair Competition Law .......................................................................................................... *passim*

**Rules**

Rule 9(b) ..........................................................................................................................................4

Rule 12(b)(6)....................................................................................................................................1

Rule 16..........................................................................................................................................3, 10

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 23, 2022, at 2:00 p.m., before the Honorable William H. Orrick, Jr., in Courtroom 2 of the U.S. District Court for the Northern District of California, San Francisco Division, at 450 Golden Gate Avenue, San Francisco, California, defendant Nissan North America, Inc., will move for an order dismissing the Fourth Amended Complaint (Dkt. 196) in part. This motion is pursuant to Rule 12(b)(6) and based on the following grounds:

- Sherida Johnson's UCL, CLRA, and unjust enrichment equitable claims must be dismissed because she has an adequate remedy at law and, in any case, she does not plead otherwise;

- Sherida Johnson's CLRA claim must be dismissed due to her failure to file the statutorily-required venue affidavit;

- Sherida Johnson's CLRA claim must be dismissed because she does not plausibly or specifically allege how Nissan could have disclosed the alleged defect to her before she purchased her used vehicle through an independent dealer several steps removed from the original sale; and

- Chad Loury's UCL, CLRA, and unjust enrichment equitable claims must be dismissed because he had an adequate remedy at law and, in any case, he does not plead otherwise.

The motion is based on this notice, the supporting memorandum, the pleadings, and such argument as the Court may allow.

Dated: January 7, 2022

Respectfully submitted,
SHOOK HARDY & BACON L.L.P.

By: */s/ M. Kevin Underhill*
    M. KEVIN UNDERHILL

Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Four-and-a-half years into this litigation, Plaintiffs have filed a Fourth Amended Complaint ("4AC"). They make one primary change: the California plaintiffs now purport to bring a damages claim under the Consumers Legal Remedies Act ("CLRA"). But Plaintiffs' amendment creates more pleading defects than it cures, and certain claims of theirs should now be dismissed.

First, plaintiff Sherida Johnson's ("Johnson's") equitable claims should be dismissed because she has an adequate remedy at law. She has never pleaded any facts showing that she lacks an adequate legal remedy, and the 4AC is no different. Johnson previously argued, successfully, that it would be premature to dismiss her equitable claims for this reason at an early stage of the case. But she cannot make that argument now, and, in any case, she has not pleaded the necessary facts required under *Sonner*. The Court should therefore dismiss her UCL and unjust-enrichment claims, as well as her claims for equitable CLRA remedies.

Second, Johnson's CLRA claim also fails because she has not filed the required venue affidavit. The CLRA provides that "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in … a proper place for the trial of the action." Cal. Civ. Code § 1780(d). Johnson filed no such affidavit, nor is it clear that she could she have done so: any alleged omissions related to the original sale would have occurred in Nevada, and she later bought the vehicle used in the Central District of California, where she resides. Nissan noted these concerns in its opposition to the filing of the 4AC, yet Johnson still failed to file the affidavit or even explain its absence. This is especially important because Plaintiffs seek monetary damages under the CLRA related to payments made and damages allegedly incurred outside this District. The Court should dismiss the CLRA claim for this reason.

Third, Johnson's CLRA claim also fails because she fails to plausibly or specifically allege any failure to disclose that could have caused her alleged harm, particularly given that she bought her Nissan used from an independent dealer that she does not allege had any relationship with Nissan. Given that particular situation, Johnson has not plausibly or specifically alleged how Nissan could have disclosed any allegedly concealed information to Johnson "at the point of sale."

1  Finally, Johnson is not the only plaintiff with pleading problems. Plaintiff Chad Loury's
2  ("Loury's") CLRA damages claims were recently dismissed, by stipulation, due to his failure to
3  provide either pre-litigation notice or a venue affidavit to the extent he purports to seek any
4  monetary relief. *See* Dkt. 200. But because he could have sent the pre-litigation letter and filed the
5  venue affidavit, he also had an adequate legal remedy, albeit one he chose not to pursue.
6  Consequently, Loury's equitable claims fail alongside Johnson's.

## BACKGROUND

On June 14, 2021, Nissan pointed out that the California plaintiffs had not pleaded a CLRA damages claim. Plaintiffs moved to amend their complaint on September 22, 2021, and Nissan opposed. *See* Dkt. 179 (Motion for Leave to File Amended Complaint); Dkt. 182 (Nissan's Opposition). Plaintiffs did not even mention the required Rule 16 standard until their reply brief, and even then failed to address the required diligence standard. In its opposition, Nissan pointed out, among other things, that the 4AC was still not accompanied by the mandatory CLRA venue affidavit. *See* Nissan's Opp. to Motion to Amend (Dkt. 182) at 10. Plaintiff did not respond to this argument in their reply brief. This Court sustained Plaintiffs' motion in part on November 12, allowing Plaintiffs to file the 4AC. But it also denied the motion in part, disallowing any amendment "to the extent the CLRA claim is brought by Loury individually and on behalf of the class." Dkt. 192, at 7.

Eighteen days later, Plaintiffs filed the 4AC. Dkt. 196. The primary addition is a paragraph stating that—well over four years after filing suit—Plaintiffs sent the required CLRA notice:

> On August 10, 2021, Nissan received a letter that complied with Section 1782(d) of the CLRA…. The letter gave Nissan notice of the allegations in this complaint. Nissan has failed to remedy the issues that gave rise to the allegations in this complaint—it has continued to sell the Class Vehicles without disclosing the panoramic sunroof defect or the attendant risks associated with that defect. As a result, Plaintiffs request monetary damages, restitution, injunctive relief, and all other applicable relief under the CLRA, to provide compensation to Plaintiffs and class

members, and to stop Nissan from continuing to engage in the aforementioned unfair and/or deceptive acts and omissions.

4AC, at ¶ 217. Despite the Court disallowing an amendment as to Loury, Plaintiffs still labeled this count as being brought on behalf of both Johnson and Loury. *Id.* at Count 4. On January 5, 2022, by stipulation, Plaintiffs agreed to dismiss any damages claim under the CLRA for Loury, and this was entered on January 5, 2021. *See* Dkt. 200, at 5.

Plaintiffs also still have not filed the required CLRA venue affidavit, and make no effort in the 4AC to explain its absence.

## LEGAL STANDARD FOR PLEADING STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Id*. (quoting *Twombly*, 550 U.S. at 557). Determining whether a complaint crosses over the plausibility threshold is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Rule 9(b) imposes heightened pleading requirements for claims that sound in fraud. The complaint "must identify the who, what, when, where, and how" of the alleged misconduct. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1126 (9th Cir. 2009). The relevant circumstances of a fraud claim based on nondisclosure must also be pleaded with particularity. *Id*. at 1126–27.

In *Kearns*, the plaintiff claimed that Ford had engaged in a fraudulent course of conduct by conspiring with its dealerships to misrepresent the benefits of its certified-pre-owned program to sell more cars and increase revenue. The *who*, *what*, *when*, *where*, and *how* allegations the *Kearns* plaintiff presented boiled down to this: the *who* was "Ford"; the *what* was that CPO inspections were conducted by specially trained technicians and were more rigorous when in fact they were

essentially the same as ordinary used vehicles; the *when* was before the sale of the vehicles, and the *where* was all the various channels of information through which Ford marketed vehicles, and the *how* was via omitting that plausibly material information. *Kearns*, 567 F.3d at 1125–27. The district court (Judge Andrew Guilford) held this was insufficient, and the Ninth Circuit affirmed. *Id.*; *see also Heber v. Toyota Motor Sales U.S.A., Inc.*, No. 16-01525 AG, 2018 WL 3104612, *6 (C.D. Cal. June 11, 2018) (applying similar standard), *aff'd in relevant part*, 823 F. App'x. 512 (9th Cir. Aug. 19, 2020).

## LEGAL STANDARD FOR ADDRESSING STATE LAW CLAIMS

Where a motion to dismiss calls for a determination of state law, federal courts "must take state law as we find it—not how we might imagine that it might or should evolve." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). This requires federal courts to act with caution when interpreting state law, leaving innovation up to the state courts or legislature. As the U.S. Supreme Court has put it, "[a] federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits." *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4, (1975) (citing *Erie*).

The Ninth Circuit has applied this principle repeatedly, as have federal district courts. *See, e.g.*, *Del Webb Communities Inc. v. Partington*, 652 F.3d 1145, 1154 (9th Cir. 2011) (a federal court "should hesitate prematurely to extend the law in the absence of an indication from the state courts or the state legislature that such an extension would be desirable") (citation omitted);[1] *Davidson v. Apple, Inc., No.* 16-CV-4942-LHK, 2017 WL 3149305, at *18 (N.D. Cal. July 25, 2017) ("a federal court sitting in diversity should opt for the interpretation that restricts liability, rather than expands it") (citation omitted); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483

---

[1] Every federal circuit follows this principle because it derives from *Erie. See, e.g., Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 (3d Cir. 2002) ("[E]ven if we were torn between two competing yet sensible interpretations, … we should opt for the interpretation that restricts liability" until state supreme court decides differently); *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 965 (7th Cir. 2000) ("[F]aced with two equally plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability….").

F. Supp. 3d 838, 848-49 (C.D. Cal. 2020) (any uncertainty about the scope of the economic-loss rule should not be resolved in favor of creating a liability expanding exception) (citations omitted).

**ARGUMENT**

**I.      Johnson's equitable claims fail because she has an adequate remedy at law.**

Johnson purports to bring various equitable claims, all of which are barred because she does not plead any facts showing that she does not have an adequate remedy at law—nor can she as she does have an adequate legal remedy. *See* 4AC, at Counts 2 (unjust-enrichment claim), 3 (claims under the UCL), and 4 (claims under the CLRA). On August 29, 2017, this Court addressed a similar argument as to Plaintiff's First Amended Complaint, ruling that Plaintiffs could proceed "in the alternative" and that it would be "premature" to resolve the issue at that early stage of the case. Dkt. 55 at pp. 21-22. That was more than four years ago. In light of the additional context provided by the 4AC and the Ninth Circuit's recent holding in *Sonner* (discussed below), this Court should now dismiss the equitable claims. *See, e.g., Phan v. Sargento Foods, Inc.*, No. 20-CV-09251-EMC, 2021 WL 2224260, at *5–6 (N.D. Cal. June 2, 2021) (dismissing equitable claims because of adequate legal remedy, rejecting arguments that plaintiff is "free to plead alternative remedial requests" and "that it is premature for a court to decide the adequacy of a legal remedy on a motion to dismiss").

"[A] federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). "One well-established equitable principle is that, to obtain an equitable remedy, a plaintiff must lack an 'adequate remedy at law.'" *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) (*quoting Mort v. U.S*., 86 F.3d 890, 892 (9th Cir. 1996)). "That principle applies squarely to an award of restitution—an equitable remedy—under the UCL and CLRA." *Id.* It also applies to a claim for unjust enrichment, which is an equitable claim under California law. *Brown v. Madison Reed, Inc.*, 21-CV-01233-WHO, 2021 WL 3861457, at *12 (N.D. Cal. Aug. 30, 2021) (noting the withdrawal of an unjust enrichment claim post-*Sonner*); *Gardiner v. Walmart, Inc.*, 20-CV-04618-JSW, 2021 WL 4992539, at *7 (N.D. Cal. July 28, 2021) (noting that "Plaintiff's unjust enrichment claim and UCL claim are claims in equity" and dismissing them because "Plaintiff fails to allege that he lacks an adequate remedy at law").

In *Sonner*, a plaintiff alleged class claims under the UCL and CLRA, seeking both equitable and legal remedies. *Sonner*, 971 F.3d at 838. Plaintiff later dismissed her damages claim, but the district court still granted defendant's motion to dismiss the equitable claims, holding Sonner did not plead that she lacked an adequate legal remedy. *Id.* at 837-38. The Ninth Circuit affirmed, explaining that "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Id.* at 841, 844.

After *Sonner*, Plaintiffs "are required, at a minimum, to plead that they lack an adequate remedy at law, which they have not done." *Anderson*, 500 F. Supp. 3d at 1009. In *Anderson*, this Court noted that plaintiffs were requesting "monetary damages," and observed that because of that request, "it is possible their legal remedy is sufficient." *Id.* This court dismissed the UCL count in its entirety because, given this pleading deficiency, "the plaintiffs cannot, at this point, pursue injunctive relief or restitution—the only remedies the UCL authorizes." *Id.* at 1010. This Court also dismissed restitution claims under the CLRA. *Id.*

Other courts have similarly applied *Sonner*. *See, e.g., Banks v. R.C. Bigelow, Inc.*, No. 20-cv-6208 DDP (RAOx), 2021 WL 1734779, at *6 (C.D. Cal. May 3, 2021) (holding under *Sonner* that "Plaintiffs' equitable claims under the UCL, FAL, and unjust enrichment and request for equitable relief are dismissed"); *Clark v. American Honda Motor Co., Inc.*, 528 F. Supp. 3d 1108, 1121-22 (C.D. Cal. Mar. 25, 2021) ("[T]he Court therefore agrees with its colleagues that, under *Sonner*, Plaintiffs must allege that they lack an adequate remedy at law to seek injunctive relief."); *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *1, 4 (N.D. Cal. Oct. 13, 2020) (applying *Sonner* to dismiss UCL claim and CLRA equitable-relief claim, stating "[b]ecause Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury"); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC-GJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) ("There is nothing in the [complaint] to suggest that monetary damages would not make Plaintiff or the putative class whole. Indeed, ... Plaintiff repeatedly alleges that he and the putative class 'lost money or property' as a result of Jaguar's wrongful conduct."); *Klaehn v. Cali*

*Bamboo, LLC*, No. 19CV1498-LAB (KSC), 2020 WL 3971518, at *9 (S.D. Cal. July 13, 2020) (dismissing UCL claim under *Sonner* because the plaintiffs did not "specifically allege the equitable relief they are seeking and why legal relief is not adequate to address [their] alleged harms").

Here, despite being aware of *Sonner*, and despite Nissan having raised it even in the opposition to Plaintiffs' Motion to Amend (Dkt. 182), Johnson does not—and cannot—plead that she lacks adequate legal remedies. In the newly-added paragraph, Johnson expressly requests "monetary damages" under the CLRA. 4AC, at ¶ 217. Later, in the prayer for relief, she asks for "actual damages, punitive damages, and/or any other form of monetary relief provided by law." *Id.* at 99. At no point does she plead, as she must, that she lacks an adequate remedy at law, and more than four years into the case, she can hardly contend that a dismissal now would be premature. Given this failure, this Court should dismiss Johnson's claims for (a) restitution under the UCL, (b) unjust enrichment, and (c) equitable CLRA remedies.

## II. Johnson's CLRA claims must be dismissed due to her failure to file the statutorily-required venue affidavit.

The CLRA provides that "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." Cal. Civ. Code § 1780(d). The remedy for failing to do this is clear: "If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." *Id*.

The venue affidavit requirement applies even to cases like this one "that were filed directly in federal court." *Rossetti v. Stearn's Products, Inc.*, CV 16-1875-GW(SSX), 2016 WL 3277295, at *2 (C.D. Cal. June 6, 2016); *see also McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1055 (C.D. Cal. 2014) (rejecting argument "that section 1780(d) is a procedural requirement and, therefore, does not apply to CLRA claims asserted in federal court" because "the majority of federal courts that have considered this requirement have applied it"). It does not matter that the CLRA claim is joined with other claims. *Allen v. DaimlerChrysler Motors Corp.*, No. A105864, 2005 WL 318753, at *3-4 n.4 (Cal. Ct. App. Feb. 10, 2005) (unpublished) (rejecting argument that "the general venue statute ...

prevails over the specific venue statute applicable to the CLRA claim").[2] State law does not provide for any exceptions to the CLRA venue affidavit requirement that would apply here.

Courts have dismissed CLRA claims for failure to provide the required venue affidavit. *McCoy v. Alphabet, Inc.*, 20-CV-05427-SVK, 2021 WL 405816, at *11 (N.D. Cal. Feb. 2, 2021) ("Plaintiff has not filed the affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. Thus, Plaintiff does not have standing to assert a CLRA claim.") (cleaned up); *In re Apple and AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) ("[T]he CLRA claims are dismissed without prejudice as to all plaintiffs because they did not file the required affidavits."); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010) ("Plaintiffs have not remedied this issue: of the forty-seven plaintiffs …, only one, Mr. Julio Real, has filed the required affidavit. Accordingly, the Court dismisses the third cause of action filed by all plaintiffs except Mr. Real for their failure to file the required affidavit."). Indeed, failure to file the affidavit deprives a plaintiff of standing to bring a CLRA claim. *Gentges v. Trend Micro Inc.*, C 11-5574 SBA, 2012 WL 2792442, at *6 n.4 (N.D. Cal. July 9, 2012).

The statute defines the "proper place for trial of the action" as "the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." Cal. Civ. Code § 1780(d). Johnson has knowingly elected not to file a venue affidavit, and has not pleaded any facts that would suggest she could honestly provide the required testimony.

Johnson may seek yet another chance to amend from this Court, but in considering this request it should be noted that Johnson has repeatedly disregarded CLRA requirements, waiting more than four years into this litigation to provide the notice that is meant to afford an opportunity to

---

[2] *Florists' Mut. Ins. Co. v. Floricultura Pacific, Inc.*, No. No. 19-cv-05793-WHO, 2020 WL 6440039, *9 n.2 (April 3, 2020) ("However, that state statute does not prohibit citation to unpublished state court decisions in federal court.") (citing *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003)).

avoid litigation and knowingly disregarding the affidavit obligation.[3] *See* Dkt. 182, at 11–12. Nissan noted, in objecting to the 4AC, that "Plaintiffs' proposed filing is not accompanied by the mandatory venue affidavit required by Cal. Civ. Code § 1780(d)." *Id.* at 10. Nissan also discussed Johnson's challenges in filing such an affidavit. *Id.* at 22 n.5. The 4AC does not even mention the problem.

Given Johnson's lack of diligence, and given that the filing of any affidavit would be futile, this Court should not allow the belated filing of any affidavit. As the Ninth Circuit has repeatedly held, it is highly unlikely that a plaintiff could satisfy the Rule 16 good-cause standard when the plaintiff had been "aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013); *see Schultz v. Wal-Mart Stores, Inc.*, 68 F. App'x 130, 133 (9th Cir. 2003) (holding district court correctly rejected plaintiff's argument that the defendant deliberately delayed its motion until after the amendment deadline expired because even if the delay was deliberate, it did not justify plaintiff's lack of diligence). This applies to the CLRA venue-affidavit requirement just as it does to any other late amendment. *See Kamal v. Eden Creamery, LLC*, 18-CV-1298 TWR (AGS), 2020 WL 7226177 (S.D. Cal. Dec. 8, 2020) ("Defendants contend that Plaintiffs' failure to add a venue affidavit for two years evidences a lack of diligence. The Court agrees. The Court therefore DENIES Plaintiffs' request to modify the Scheduling Order to add a venue affidavit pursuant to California Civil Code § 1780.") (citations omitted); *Wolf v. Hewlett Packard Co.*, 5:15-cv-01221-BRO, 2016 WL 8931307, at *5 (C.D. Cal. Apr. 18, 2016) ("Plaintiff should have known from the inception of this action that California law required her to file the affidavit with her FAC…. Accordingly, the Court concludes that Plaintiff was not diligent…."). In *Wolf*, as in *Schultz*, the plaintiff tried to blame defendant for her failure to file the venue affidavit, an argument the court squarely rejected:

> That Defendant informed Plaintiff of her failure to comply with section 1780(d) only after the amendment deadline had expired does not change the fact that Plaintiff should have foreseen that her failure to file the affidavit would result in the dismissal

---

[3] Nissan maintains its objection to the notice in the CLRA letter. Like in the Complaint in this case, their CLRA letter still asserts the "spontaneously burst or explode" theory, rather than an external impact. Plaintiffs and their experts have since conceded that they could find no support for their "spontaneous explosion" theory, and now admit that some external force must first damage the surface of the glass.

>of her pleading..... Accordingly, the Court concludes that Plaintiff was not diligent in amending her complaint to add the venue affidavit.

2016 WL 8931307, at *5 (citing *W. States Wholesale* and *Schultz*). Here, Johnson's failure to file the venue affidavit with the 4AC is substantially more egregious than in *Wolf*, given the time that has passed and Plaintiffs' repeated opportunities to amend their complaint. Johnson has not filed the required affidavit because she cannot honestly do so. This Court should dismiss the CLRA claim.

### III. Johnson's CLRA claim must be dismissed because she fails to allege breach of a duty to disclose that caused her harm.

Johnson's CLRA claim is necessarily premised on the theory that Nissan has "a duty to alert potential customers to the existence of the Defect at the point of sale as this fact would be material to the potential customer's purchasing decision" but instead chose "to intentionally conceal or, at best, omit the existence of the defect to consumers considering the purchase of a Nissan vehicle." 4thAC, ¶ 72. This theory is essential for Johnson to prove causation, a necessary element of her claim, among other elements. *See Wilens v. TD Waterhouse Grp., Inc.*, 120 Cal. App. 4th 746, 754 (2003) ("Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof").

But this theory necessarily fails unless Johnson alleges particular facts showing Nissan ***could have*** disclosed information about the alleged defect to her at the time of sale. She has not done so, with particularity or otherwise. Instead, Johnson alleges she bought her vehicle used ("pre-owned") from "CarMax Auto Superstores California, LLC." 4AC, at ¶ 88. Johnson does not (and cannot) allege CarMax is a dealer authorized by Nissan to sell its vehicles or that Nissan sold the vehicle to CarMax (or any other entity) intending that it ultimately be sold to a consumer in California. Indeed, Johnson does not (and cannot) allege that CarMax has any relationship with Nissan that would either: 1) provide Nissan any information or notice that the used vehicle was being sold at all, much less being sold to Johnson or to any consumer in California; or 2) that would provide Nissan any ability to disclose information to potential consumers of the used vehicle by CarMax.

Particularly given Johnson's unique and individualized purchase circumstances, she cannot allege facts necessary to show Nissan knew it had a California statutory-law duty to disclose facts to her at the time of her purchase. Courts in this District and throughout California routinely dismiss

claims under those circumstances, distinguishing them from purchases by a plaintiff from authorized dealers of a defendant. *See, e.g., Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 967–68 (N.D. Cal. 2018) (Chen, J.) (dismissing omissions claims against Ford by plaintiff who bought from a non-Ford dealer); *Clark*, 528 F. Supp. 3d at 1123–24 (distinguishing omission claims that involve purchases from an authorized dealer) (*citing Daniel v. Ford Motor Co*., 806 F.3d 1217, 1226 (9th Cir. 2015)) (Birotte, J.); *Hindsman v. GM LLC*, No. 17-5337 JSC, 2018 WL 2463113, at *13 (N.D. Cal. June 1, 2018) (Corley, J.). In the absence of allegations showing that Nissan knew this vehicle was being sold in California (to *someone* at least) under circumstances where it had an opportunity to disclose information, it would be impossible for Nissan to have satisfied any duty to disclose facts to Johnson, and California law would not impose liability under such circumstances. *See Williams & Fickett v. Cty. of Fresno*, 2 Cal. 5th 1258, 1274 (2017) ("the law never requires impossibilities") (quoting Cal. Civ. Code § 3531).

### IV. Loury's equitable claims and CLRA damages claims also fail.

Chad Loury purported to bring a CLRA damages claim, both individually and on behalf of a class of California consumers. *See* 4AC, at Count 4 (noting that the CLRA claim is brought on behalf of Johnson and Loury). But Loury also did not file the venue affidavit (as discussed above), nor did he provide the pre-litigation CLRA notice required by Section 1782(d). As a result, Loury's CLRA damages claims were recently dismissed following a stipulation. *See* Dkt. 200.

Loury's equitable claims also fail for the same reasons discussed above. Loury could have complied with the pre-litigation notice and venue affidavit to pursue a damages claim. He did neither. His failures do not excuse his pleading deficiency post-*Sonner*. In fact, Sonner itself involved the same situation, where Sonner abandoned and dismissed her CLRA damages claim and this dismissal—which came after more than 4 years of litigation—led to Sonner's UCL and CLRA equitable claims being dismissed with prejudice. *Sonner*, 971 F.3d at 838-45. Loury was "required, at a minimum, to plead that [he] lack[ed] an adequate remedy at law, which [he has] not done." *Anderson*, 500 F. Supp. 3d at 1009. Beyond the CLRA damages claims that he failed to properly bring, he has also pleaded warranty claims for legal damages, and has done nothing to explain why those claims either would not provide him an adequate remedy at law. *See Madrigal v. Hint, Inc.*,

No. CV 17-02095-VAP, 2017 WL 6940534, at *5 (C.D. Cal. Dec. 14, 2017) (holding that if plaintiffs ultimately could not recover, that would not necessarily mean a legal remedy was inadequate, "only that their claim lacks merit."). In any case, he has long been aware of his obligation to plausibly plead the absence of an adequate remedy at law, and yet he has elected not to do so. *See Clark v. Am. Honda Motor Co., Inc.*, No. CV 2:20-cv-03147-AB, 2021 WL 4260232 (C.D. Cal. Sep. 14, 2021) (dismissing plaintiffs' equitable claims because, post-*Sonner*, plaintiffs are required to unequivocally plead the absence of an adequate remedy at law). This Court should dismiss Loury's claims for (a) restitution under the Unfair Competition Law ("UCL"), (b) unjust enrichment, and (c) equitable CLRA remedies with prejudice.

## CONCLUSION

Plaintiffs' 4AC creates more defects than it cures. By raising a CLRA damages claim, Johnson has further undone her equitable claims. By failing to attach the statutorily-required venue affidavit, she has undone her CLRA claim too.

Loury's effort is even worse: he has not—and cannot—plead that he lacked an adequate remedy at law, so his equitable claims must be dismissed alongside Johnson's.

Dated: January 7, 2022

Respectfully submitted,
SHOOK HARDY & BACON L.L.P.

By: */s/ M. Kevin Underhill*
    AMIR M. NASSIHI
    M. KEVIN UNDERHILL
    HOLLY PAULING SMITH
    ANDREW L. CHANG

Attorneys for Defendant