UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>   Defendant. | Case No. 17-cv-00517-WHO<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE CLASS COUNSEL AND FILE SIXTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 285 |

Due to plaintiffs' March 2025 narrowing of the class definition in this case against defendant Nissan North America ("Nissan"), they now move for leave to substitute Anna Wall and Sandria Smith as respective class representatives of the California and New York subclasses and to file a Sixth Amended Complaint in line with those substitutions. Parties briefly discussed this matter at the last case management conference on May 7, 2025, and the matter is now fully briefed. I found this motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Because plaintiffs seek only limited leave to substitute the class representatives for two subclasses, and because Nissan has not demonstrated that it would suffer prejudice as a result of the substitution, plaintiffs' motion is GRANTED.

## BACKGROUND

The parties are familiar with the background of the case as included in my previous orders dating back to 2017. To that end, I address only recent developments in the case history as relevant to the motion before me.

On July 21, 2022, I granted plaintiffs' motion to certify the California, New York, Colorado, and Florida classes in this case. *See* Order on the Motion for Summary Judgment, Motion for Class Certification, and Daubert Motions ("Prior Order") [Dkt. No. 238] 29–41. Nissan appealed the decision to the Ninth Circuit, and I stayed proceedings pending resolution of

the appeal. *See* Dkt. Nos. 239, 254–258. Following the Ninth Circuit's decision in which the panel affirmed the Prior Order, I held a case management conference on March 25, 2025. *See* March 25, 2025 Minute Entry ("Minute Order") [Dkt. No. 269]; *Johnson v. Nissan North America*, No. 22-16644, 2024 WL 4784367 (9th Cir. Nov. 14, 2024). At the case management conference, I ordered plaintiffs to file updated class definitions, an explanation of the remaining counts, a clarified description of the main defect at issue, and to specify their requested outstanding sales information related to their intended damages calculations. Minute Order. I also ordered the parties to file a Joint Discovery Plan, and allowed Nissan to take short, supplemental depositions of class representatives given the amount of time that had passed since the first depositions. *Id.*

In their Fifth Amended Complaint, filed in advance of the Prior Order, plaintiffs' proposed class definitions were: "During the fullest period allowed by law, all persons and entities residing in [California, New York, Colorado, or Florida] who purchased or leased a Class Vehicle in [California, New York, Colorado, or Florida]. Fifth Amended Complaint [Dkt. No. 208] 61–62. In the Prior Order, I "tweak[ed] the proposed definitions for the California and New York classes to extend only to those who purchased the vehicles for personal use" to better accord with each state's statutory requirements. Prior Order 36. And, for the New York and Colorado classes, I changed the class definitions "to include a class period within the statute of limitations" for each state. *Id.*

Following the March 25, 2025, case management conference, plaintiffs provided the following updated class definitions on April 1, 2025:

**California Class and Subclasses:**
California Class for Unjust Enrichment Claims:
>   Any person who purchased a new or used Subject Vehicle in California (which was first sold new in California) on or after February 1, 2014.

California Subclass for Claims under the California Consumer Legal Remedies Act:
>   Any person who purchased a new or used Subject Vehicle in California (which was first sold new in California) on or after February 1, 2014, for use primarily for personal, family, or household purpose.

**Colorado Class:**
>   Any person who purchased a new or used Subject Vehicle in Colorado (which was first sold new in Colorado) on or after February 1, 2014.

**Florida Class:**

2

>   Any person who purchased a new or used Subject Vehicle in Florida (which was first sold new in Florida) on or after February 1, 2013.
>   **New York Class and Subclasses:**
>   <u>New York Class for Unjust Enrichment Claims:</u>
>   Any person who purchased a new or used Subject Vehicle in New York (which was first sold in New York) on or after February 1, 2011.
>   <u>New York Subclass for Claims under N.Y. Gen. Bus. Law. §§ 349 and 350:</u>
>   Any person who purchased a new or used Subject Vehicle in New York (which was first sold in New York) on or after February 1, 2014, for personal use.
>   <u>New York Subclass for Warranty Claims:</u>
>   Any person who purchased a new or used Subject Vehicle in New York (which was first sold in New York) on or after February 1, 2013.

Updated Class Definitions and List of Remaining Claims [Dkt. No. 274] 2–3 (explaining the creation of the additional subclasses to comport with state-specific statutory requirements). Most important to the motion before me is the inclusion of the "which was first sold in [relevant state]" language.

In their Joint Discovery Plan, parties indicated that the close of discovery will be February 13, 2026. Joint Discovery Plan [Dkt. No. 277] 3. The pretrial conference is set for May 11, 2026, at 2:00 p.m. and the jury trial is set to begin on June 8, 2026, at 8:30 a.m. *See* Minute Order.

On May 30, 2025, plaintiffs filed their Motion to Substitute Class Representatives, asserting that the current named class representatives for the New York and California subclasses no longer comport with the class definitions provided in their April 1, 2025, update. Motion to Substitute Class Representatives ("Mot.") [Dkt. No. 285]. Nissan opposed the Motion on June 25, 2025. Opposition to the Mot. ("Oppo.") [Dkt. No. 291]. Plaintiffs replied on July 7, 2025. Reply in Support of the Mot. ("Reply") [Dkt. No. 292]. Nissan filed objections to evidence submitted by plaintiffs in their Reply, and plaintiffs responded in kind. *See* Dkt. Nos. 293, 294. I found the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

**LEGAL STANDARD**

"Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, (1982). "A district court may decertify a class at any time." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). "If the named plaintiff's own claim becomes moot after certification, the court can re-examine his ability to represent the interests of class members.

3

Should it be found wanting, the court may seek a substitute representative or even decertify the class." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 415 n.8 (1980). But if the named plaintiff lacked standing, substitution is not permissible where the class representative could not bring the lawsuit in the first instance. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (holding that the class representative's lack of standing could not be cured by substituting another representative and therefore the district court was required to dismiss the action on remand).

Under Federal Rule of Civil Procedure 15(a), "leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations,* 975 F.2d 604, 607 (9th Cir. 1992).

Once a district court has issued a pretrial scheduling order, however, establishing the time to join parties and amend pleadings, to file and hear motions, and to complete discovery, and if any of those dates would be affected by granting leave to amend, the party seeking to amend must show "good cause" under Rule 16(b). *Id.* at 608. The "good cause" standard "primarily considers the diligence of the party seeking the amendment. *Id.* The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

## DISCUSSION

### I. Plaintiffs Seek Limited Amendment

Plaintiffs seek to replace Sherida Johnson with Anna Wall as the class representative of the California class and subclasses, and to replace Subrina Seenarain with Sandria Smith as the class representative of the New York class and subclasses.[1] Mot. 1. Plaintiffs contend that due to the

---

[1] Plaintiffs note that Lisa Sullivan, the class representative of the Florida class, is "undergoing treatment for a serious medical condition," but that she continues to be willing and able to perform as Florida class representative. Mot. n.1 at 1. Should Ms. Sullivan be unable to serve as class representative at some later time due to medical need, I will address the issue when raised by the parties.

4

updated class definition provided on April 1, 2025, Ms. Johnson and Ms. Seenarain, although eligible for individual relief, are no longer suitable subclass representatives because Ms. Johnson's class vehicle was first sold in Nevada and Ms. Seenarain's class vehicle was first sold in Tennessee. Reply 6. Plaintiffs explain that Ms. Johnson and Ms. Seenarain's circumstances are no longer in line with the revised class definition, which now requires that the class vehicle "was first sold in" the subclass state.

Nissan's main argument in opposition centers around an issue it has been raising since the start of this litigation—that, in its view, plaintiffs cannot prove their damages model in so far as any class members have purchased used vehicles. Oppo. 2–7. Plaintiffs now seek to correct this flaw through class representative substitution, Nissan argues, after much delay and at the expense of much prejudice to Nissan. Oppo. 9–15. Nissan requests that I decertify and dismiss the California and New York subclasses because "Johnson and Seenarain did not have standing at the time of certification . . . because the initial sale of their vehicles occurred in non-class states." Oppo. 8. Nissan's argument fails.

Johnson and Seenarain did have standing at the time of certification, because the class definition at that time did not require their class vehicles to have been *first* sold in the class state. At the time of certification, the class definition as relevant to the California and New York subclasses included persons "residing in [California or New York] who purchased . . . a Class Vehicle in [California or New York]." *See* Fifth Amended Complaint [Dkt. No. 208] 61–62. Each of these subclass definitions now include "[a]ny person who purchased a new or used Class Vehicle in [California or New York] which was first sold in in [California or New York] . . . ." Proposed Sixth Amended Complaint [Dkt. No. 285-2] at 64. Johnson and Seenarain, although they have standing as individuals to bring claims against Nissan, no longer have standing to act as class representatives for the newly defined class.

I emphasize that the subclass definitions still include individuals who purchased *used* class vehicles as well as new vehicles. Plaintiffs have clearly not abandoned their long-standing contention that they will be able to prove and allocate damages for class members who bought

5

1  used class vehicles, as Nissan contends.[2] Sandria Smith, the intended substitute for the New York class representative, purchased a used class vehicle. Proposed Sixth Amended Complaint [Dkt. No. 285-2] at 53. Plaintiffs' rationale for why they chose to narrow the class definition makes sense. They explain that for the first time during the pendency of the case, Nissan made clear its intent to raise a challenge that "any Class Vehicles purchased used that were originally sold in any non-class state would not be included in the calculation of damages" in the March 2025 Joint Case Management Statement and Case Management Conference. Mot. 6. Prior to these instances, plaintiffs' understanding of Nissan's intended challenge to the damages calculation was coextensive with Nissan's arguments before this court concerning *used* vehicles generally, as explained above--not, as Nissan attempts to argue now, used vehicles *first sold in non-class states*.[3]

Perhaps plaintiffs could have anticipated such a challenge earlier in litigation. But it is not their burden to "present[] or develop[]" arguments on Nissan's behalf—nor is it possible for them to anticipate each of Nissan's challenges. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). The important question, which I address next, is one of diligence. *See, e.g.*, *Sloan v. General Motors LLC*, No. 16-cv-07244-EMC, 2020 WL 5517244, at *8 (N.D. Cal. Sept. 14, 2020) (J. Chen) ("While it is true that Plaintiffs arguably should have been aware that [defendant] intended to seek a narrow class definition, this Court finds that they acted diligently as soon [as] the class certification order was issued. Plaintiffs moved for substitution only two months after this Court narrowed the Class Vehicle definition.").

---

[2] And so, to the extent that Nissan wishes to continue to challenge damage calculations related to used vehicles, it may do so in any future-filed motion to strike plaintiffs' expert report(s).

[3] Nissan appears to have first raised a related issue during oral arguments before the Ninth Circuit. There, it argued that Johnson and Seenarain lacked standing as class representatives because they purchased used vehicles "first sold" outside of the subclass states and therefore those sales lacked any privity with Nissan. Ninth Circuit Oral Argument, *Johnson v. Nissan North America*, 22-16644, October 21, 2024, https://www.ca9.uscourts.gov/media/video/?20241021/22-16644/ at 11:45–13:27; 41:49–42:26. These arguments, while related to the issue now before me, are squarely rooted in Nissan's general arguments concerning used vehicles. And, for reasons I have already explained, they were premature given the then-operative class definition.

**II.     Plaintiffs' Motion Complies With Rule 15 and Rule 16(b)**

Plaintiffs have adequately demonstrated good cause in accordance with Rule 16(b).  To determine good cause, "the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, plaintiffs explain they were made aware of Nissan's concerns in the March 18, 2025 Joint Case Management Statement.  Mot. 6; *see* Joint Case Management Statement [Dkt. No.268] 7 (Nissan's Statement: "But half the class representatives here bought used cars which were first sold new in other non-class states, and after re-sale transactions Nissan was not involved in, the cars ended up eventually being sold in class states.  These issues also need to be addressed.").  In an effort to address those issues, plaintiffs filed updated, narrower, class definitions, and they allege they immediately began searching for suitable substitutions for California and New York class representatives.  *See* Updated Class Definitions [Dkt. No. 274] (filed April 1, 2025); Mot. 6.  Then, plaintiffs indicated in the April 15, 2025, Joint Discovery Plan their intent to file the instant Motion.  Joint Discovery Plan [Dkt. No. 277] 1–2.  The turnaround time being within a month, I conclude that plaintiffs have demonstrated reasonable diligence in moving to seek modification.

The extent of plaintiffs' intended modification also supports a finding of good cause.  They seek only to add Anna Wall and Sandria Smith as named plaintiffs, not to add any new theories of liability or substantive facts that would alter the course of this case or otherwise require any major change in the case schedule.  *Cf. Design Data Corp. v. Unigate Enter., Inc.*, No. 12-CV-04131-WHO, 2014 WL 4477244, at *2, 4 (N.D. Cal. Sept. 11, 2014), *aff'd*, 847 F.3d 1169 (9th Cir. 2017) (denying leave to amend under Rule 16 and Rule 15 where plaintiff sought amendment to add substantive facts based on facts it knew up to three years prior to seeking leave to amend that would require "reopening of fact discovery and motion practice [that] would prejudice defendants," "unduly delay resolution of this case," and "upend the trial schedule").  Here, fact discovery is scheduled to end February 13, 2026, and no delay or extension of the trial schedule is of concern.

Looking, then, to Rule 15's more liberal standard likewise demonstrates that leave to

7

1  amend should be granted. Courts consider five factors in determining whether to grant leave to
2  amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)
3  futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re*
4  *Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation
5  omitted). Plaintiffs have previously amended the complaint and now seek to file their Sixth
6  Amended Complaint. However, this will be their first amendment after narrowing their class
7  definition. And, as I have already concluded, the purpose for that narrowing was because of an
8  issue not raised before this court until after remand from the Ninth Circuit.

9  For reasons I have already explained, there appears to be no bad faith on plaintiffs' part,
10 and their actions showed diligence in seeking leave to amend.

11 Nissan argues that it will be prejudiced and that any amendment will be futile. As to
12 prejudice, it is unclear to me why adding two class representatives with seven months until the
13 close of discovery would be at all prejudicial. Nissan claims it "would have to start much of its
14 'discovery efforts from scratch' and 'undertake the substantial effort and expense of conducting
15 this discovery and preparing and re-filing pre-trial motions that were specific to' those plaintiffs."
16 Oppo. 13–14 (quoting *Wilson v. Frito-Lay North America, Inc.*, No. 12-cv-01586-JST, 2017 WL
17 3478776, at *4 (N.D. Cal. Aug. 14, 2017) (J. Tigar)).

18 *Wilson* is inapt. In that case, the parties had fully concluded discovery. *Wilson*, 2017 WL
19 3478776, at *1. The court had granted summary judgment to defendants and directed them to
20 "submit a proposed judgment in accordance with the Court's order. . . . One week later, Plaintiffs
21 filed" a motion to substitute a class representative. *Id.* To compare the instant case with *Wilson*, a
22 case that was for all intents and purposes concluded, makes no sense. Plaintiffs here have agreed
23 to informally produce all relevant documents from Wall and Smith, even in advance of this Order.
24 Nissan's presented list of burdensome steps it would need to take should I grant plaintiffs' motion
25 is not persuasive given the amount of time remaining in discovery. I expect discovery to proceed
26 amicably between the parties. To the extent that it does not, parties are free to alert me to any
27 issues as laid out in my standing order.

28 Nissan finally argues that plaintiffs' proposed substitution would be futile. Again, its

8

arguments have no merit. First, Nissan asserts that by substituting Wall and Smith as class representatives, their claims will run afoul of the statutory time limits required by California and New York law. Oppo. 16. Nissan's reliance on cases that stand for the proposition that once a putative class is denied certification a new class action may not be filed after the relevant statute of limitations is unpersuasive. *See* Oppo. 16 (citing *China Agritech v. Resh*, 584 U.S. 732, 736 (2018), *Montoya v. Ford Motor Co.*, 46 Cal. App. 5th 493, 502 (2020), *Palmer v. Stassinos*, 236 F.R.D. 460, 465–66 (N.D. Cal. 2006)). That is not the relief plaintiffs seek in this Motion.

For its second futility argument, Nissan asserts that "the amendments would introduce a personal jurisdiction problem" because Nissan has "moved its place of incorporation from California to Delaware" as of 2021. Oppo. 16. I have previously rejected similar arguments. Prior Order 6–7. Nissan's added argument here, that Smith, a "new non-California plaintiff" asserts claims after its relocation of its place of incorporation to Delaware, ignores the fact that I have already certified the New York subclass. Oppo. 16. "As one Court of Appeals has held, a district court errs when it decertifies and dismisses a class action without giving members of the original class with live claims an opportunity to 'become plaintiffs by amendment of the complaint or by intervention and thereby save the subclass action.'" *Sloan*, 2020 WL 5517244, at *8 (quoting *Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. 1981)). Taking Nissan's position would disallow any of the original New York subclass members to act as a class representative in this case despite the fact that plaintiffs narrowed the class definition in response to Nissan's concerns in the first instance.

Nissan's third futility argument, that Wall failed to file a venue affidavit and CLRA letter, likewise lack merit. Oppo. 17. A venue declaration was submitted in conjunction with plaintiffs' Motion. *See* Exh. B Mot. [Dkt. No. 285-2] 108–109. And, as I have already explained in this case, "[n]othing in the plain text of the statute signals that the failure to send a CLRA notice before filing the suit should resulting dismissal with prejudice." Order on the Motions for Leave to Amend Complaint and File Rebuttal Reports [Dkt. No. 192] 8. It is therefore not futile to allow the opportunity for a party to provide the required notice. Further, Nissan has provided no caselaw to support its argument that when a member of a certified class is substituted as a named

1  class representative, the representative is required to submit a duplicative letter of the claims to
2  which defendants have already been notified. This is all academic, however, because as I discuss
3  next, plaintiffs have already filed a supplemental CLRA notice letter.

### III.     Remaining Concerns

After plaintiffs filed their Reply Brief, to which they attached a copy of an additional CLRA notice letter sent to Nissan (dated July 7, 2025), Nissan filed a notice of objection to plaintiffs' improper evidence. *See* Nissan Objection [Dkt. No. 293]. In its objection, counsel for Nissan explains that plaintiffs did not mail the CLRA letter as is statutorily required. *Id.* Instead, plaintiffs emailed the CLRA letter to counsel for Nissan. *Id.* A review of the attached email exhibits reveals that counsel for plaintiffs, upon emailing the CLRA letter to counsel for Nissan, asked: "Please confirm that you will accept service of this notice letter via email, rather than requiring Plaintiffs to send the notice via mail." Exh. A, Nissan Objection [Dkt. No. 293-1] at 3 (email dated July 9, 2025). Counsel for Nissan declined. *Id.* at 2. Counsel for plaintiffs, in their response to Nissan's Objection, further explained that they quickly responded to inform counsel for Nissan that they would "send the letter to your client directly." Exh. A, Plaintiff Response to Nissan Objection [Dkt. No. 294-1] at 2 (email dated July 13, 2025). Plaintiffs further explained that they "mail[ed] the letter to Nissan directly on July 14, 2025." *Id.* [Dkt. No. 294] at 3.

This is the type of petty and inconsequential issue that I expect the parties to handle on their own. There is absolutely no need for judicial intervention—especially when, as it appears here, the matter has already been resolved. To the extent that the parties have any future legal or case management issues that require judicial resolution, they are free to send a letter. *See generally* Judge Orrick's Standing Order for Civil Cases.

### CONCLUSION

For the foregoing reasons, the motion is GRANTED. Anna Wall is substituted as class representative for the California class and subclasses and Sandria Smith is substituted as class representative for the New York class and subclasses. The Class Certification Order is AMENDED to conform with the contents of this Order. The Sixth Amended Complaint shall be

filed within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: July 17, 2025

William H. Orrick
United States District Judge